**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| HAROLD S. MAPP, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-514-TS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION and ORDER**

Harold S. Mapp, a *pro se* prisoner, filed an amended habeas corpus petition [DE 4] challenging his 37-year sentence and January 12, 2001, conviction for dealing cocaine in the Madison Circuit Court under cause number 48C01-99-12-CF-305. The Respondent has responded to the order to show cause and filed a motion seeking relief from the order to produce the State court record. Despite having been alerted by the Respondent to his opportunity to file a traverse (DE 10 at 1-2), Mapp has not done so. The deadline for doing so has passed and the Court will now rule on this habeas corpus petition.

Habeas corpus petitions are subject to a one-year statute of limitations.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Respondent argues that, pursuant to 28 U.S.C. § 2244(d)(1)(A), the one-year period of limitation began on the date that the judgment became final by the expiration of the time for seeking such review.[1] Mapp filed a direct appeal of his conviction and sentence with the Indiana Court of Appeals, but he did not seek transfer to the Indiana Supreme Court. Therefore, the one-year clock began running when his time for filing a petition for transfer expired, which was 30 days after the Indiana Court of Appeals affirmed his conviction and sentence. *See* Ind. R. App. P. 57(C)(1). The Indiana Court of Appeals affirmed his conviction and sentence on October 10, 2001. Thirty days later, on November 9, 2001, his judgment became final. One year later, the one-year period of limitation expired on November 12, 2002.[2]

Though Mapp subsequently filed a state post-conviction relief petition, the time for filing a habeas corpus petition had already expired. As a result, the tolling provisions of 28 U.S.C. § 2244(d)(2) are not relevant to this case. The affidavit of indigency (DE 1 at 17) attached to the first habeas corpus petition was notarized on October 18, 2007, nearly five years after the deadline for filing a habeas corpus petition had expired.

---

[1] Mapp has not presented any contrary argument that the court should apply subparagraphs (B), (C), or (D), and there is no indication of their applicability in this record.

[2] November 9, 2002, was a Saturday. November 10, 2002, was a Sunday. November 11, 2002, was Veteran's Day. *See* Fed. R. Civ. P. 6(a).

For the foregoing reasons, the motion for relief from order to produce the State court record [DE 9] is **GRANTED** and the amended habeas corpus petition [DE 4] is **DENIED** as untimely.

SO ORDERED on June 23, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION